IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CATHERINE DAVIDSON PLAINTIFF

v. CIVIL ACTION NO. 1:26-CV-98-SA-RP

COMMISSIONER OF SOCIAL SECURITY DEFENDANT

ORDER

This case is an appeal from a final administrative decision denying Davidson's application for social security disability benefits. Davidson filed her Complaint [1] invoking this Court's jurisdiction on June 12, 2026. The Commissioner has filed a Motion to Dismiss [7], seeking dismissal on the basis that the Complaint [1] was not timely filed. Davidson has not responded to the Motion [7], but her time to do so has passed. *See* L.U. CIV. R. 7(b).

For purposes of the present Motion [7], the relevant facts are straightforward. On September 9, 2022, Davidson filed an application for supplemental security income based on an alleged disability. Her claim was denied on February 28, 2023, and her request for reconsideration was denied on May 30, 2024.

Davidson subsequently filed a written request for a hearing, which was held on May 22, 2025. Thereafter, on June 9, 2025, the Administrative Law Judge issued a decision concluding that Davidson is not disabled and therefore not entitled to benefits.

Davidson appealed the Administrative Law Judge's decision to the Appeals Council. On April 6, 2026, the Appeals Council issued a "Notice of Appeals Council Action" which in pertinent part provided:

> This is about your request for review of the Administrative Law Judge's decision dated June 9, 2025. You submitted reasons that you disagree with the decision. We considered the reasons and exhibited them on the enclosed Order of the Appeals Council. We found that

> the reasons do not provide a basis for changing the Administrative Law Judge's decision.

[7], Ex. 1 at p. 25.

The Notice explained to Davidson that she could seek review of the decision by filing a civil lawsuit in federal court within 60 days. As to the calculation of days, the Notice specifically explains that "[t]he 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." *Id.* at p. 26.

Attached to the Commissioner's Motion [7] is a declaration signed under penalty of perjury by Lesha Cowell, who serves as Chief of Court Case Preparation and Review within the Social Security Administration. In the declaration, Cowell states that the Appeals Council sent a copy of the Notice to Davidson at her address on file—with an additional copy to her representative—on April 6, 2026.

On June 12, 2026, Davidson filed the instant lawsuit seeking review of the underlying denial of her claim for benefits. The Commissioner has now filed the present Motion [7] seeking dismissal. The sole basis raised for dismissal is timeliness—in particular, Davidson's failure to file the lawsuit within 60 days after receipt (or presumed receipt) of the Notice. Again, Davidson has not responded to the Commissioner's Motion [7], despite her deadline to do so having passed. Since the Motion [7] is potentially dispositive, the Court will not grant it as unopposed but will instead consider it on the merits without the benefit of a response. *See* L.U. CIV. R. 7(b)(3)(E).

Judicial review of a decision on social security benefits of this nature is governed by 42 U.S.C. § 405(g). In pertinent part, Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced

*within sixty days after the mailing to him of notice of such decision* or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g) (emphasis added). The Code of Federal Regulations addresses "mailing" in detail, providing that the date of receipt is presumed to be five days after the date on the Notice, unless there is a reasonable showing to the contrary. *See* 20 C.F.R. § 422.210(c). The Fifth Circuit has applied the 60-day deadline and affirmed a district court's dismissal of an action brought outside of that deadline. *See Flores v. Sullivan*, 945 F.2d 109 (5th Cir. 1991). In *Flores*, the Fifth Circuit referred to the time within which a claimant could file suit as a "presumptive 65 day period" which is based on the statutory 60 days plus the presumptive 5 day mailing period. *Id*. at 112.

In the case at bar, the Complaint [1] is untimely. In her declaration, Cowell stated that the Notice of Appeals Council Action was mailed to Davidson (with a copy to her representative) on April 6, 2026. Applying the presumptive 65 day period (constituting 60 days plus 5 additional days for mailing), Davidson's deadline to file suit would have been June 10, 2026. Again, she did not file the Complaint [1] until June 12, 2026. It is untimely.

The Court acknowledges that there are certain limited circumstances where equitable tolling might justify an extension of this deadline. *See*, *e.g.*, *Bowen v. City of New York*, 476 U.S. 467, 480, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). On the present record, Davidson has not even responded to the present Motion [7]. The Court therefore has no request to apply equitable tolling and has no facts before it to indicate that the same would be appropriate.

Ultimately, Davidson's Complaint [1] is untimely. The Motion to Dismiss [7] is GRANTED. Davidson's claims are DISMISSED. This CASE is CLOSED.

SO ORDERED, this the 6th day of November, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE